Per Curiam.

Defendant is a theatrical booking agent who was employed by plaintiff Frederick Brothers Artists Corporation under a contract entered into on May 9,1942, for a period of ten years. The agreement gave the parties the right to terminate same upon any anniversary of the date of the contract upon giving ninety days’ notice of intention to do so. The employer’s right to terminate was unconditional whereas the employee had no right of cancellation if his compensation reached a designated figure. The agreement recited that the parties recognized that the employee’s abilities and capabilities were-unique. The employee agreed to devote himself exclusively to the business of the employer during the .contract period. This agreement was subsequently modified and extended to include the coplaintiff, but the changes made do not affect the essential questions presented.
Commeneihg July 1,. 1945, defendant refused to perform services for the plaintiffs, and entered into the employ of competitors of plaintiffs. Contending that they are suffering irreparable harm and injury, plaintiffs have brought this action for an injunction. They have been awarded a judgment enjoining and restraining the defendant from working for others on condition that plaintiffs indicate their willingness to re-employ the defendant if he agrees to return to. them. . •
Defendant appeals, contending, first, that the agreement sued on was devoid of that mutuality necessary to support enforcement of the negative covenant by reason of the employer’s right to terminate the hiring, and second, that the injunction ivas improperly granted because defendant’s services were not of such unique or extraordinary character as to make his replacement impossible or to subject plaintiffs to irreparable injury.
As we have determined that the judgment should be1' reversed on the second ground urged by appellant, we do not pass upon the first ground.
We find that, considered most favorably to. plaintiffs, the evidence discloses that defendant was a theatrical booking agent whose work was to secure the services of artists and entertainers, and to sell those services to those having use for them. He had wide experience in his field, and a large acquaintance among musicians, actors and similar artists and entertainers seeking *71 employment, and those who were seeking* their services. He had been successful in his endeavors to secure business for plaintiffs, which had brought them a large amount of income.
We cannot agree with the finding of Special Term that defendant’s services involved any individual talent or skill beyond that possessed by any successful salesman or employment agent, and accordingly, we disagree with the conclusion that his services were of such a special, unique or extraordinary character that the loss thereof would cause irreparable injury to plaintiffs so as to warrant injunctive relief. (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312; Kaumagrap Co. v. Stampagraph Co., 235 N. Y. 1; Magid v. Tannenbaum, 164 App. Div. 142; Voorhees & Hobart, Inc., v. Hobart, 251 App. Div. 111.)
The fact that the contract of hiring acknowledged that the defendant’s abilities and capabilities were unique is not controlling upon a court of equity. (Dockstader v. Reed, 121 App. Div. 846.)
The judgment appealed from should be reversed, with costs to the appellant, and the complaint dismissed, with costs.
Martin, P. J., Dore, Callahan and Peck, JJ., concur; Cohn, J., dissents and votes to affirm on the opinion of the trial justice. [186 Mise. 871.]
Judgment reversed, with costs and the complaint dismissed, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.